Gunter, J.
March 5, 1895, complaint in adverse suit filed in district court of Lake county, 23d of same month defendant’s demurrer. March 7, 1898, cause called by court as within rule for dismissal for want of prosecution. On motion of plaintiff’s then counsel question whether case should be dismissed for. want of prosecution under rule 18 of said court set for hearing at 2 o’clock p. m. March 8, 1898. Hearing had, plaintiff and defendant appearing by' respective counsel, evidence and argument heard. ' Court found case should- be dismissed and entered judgment in which appears: “It is ordered by the court that this case be and the same hereby is dismissed for want of *100 prosecution under rule 18 of the rules of this court, no good cause having been shown to the court why the same should not be dismissed.” To this ruling an exception saved in bill of exceptions. (Folio 73, record.) Motion for reinstatement heard and denied March 14, 1898. Exception to order preserved in bill of exceptions. (Folio 75, record.)
Plaintiff assigns errors in above orders of March 9 and 14.
1. A ruling upon the motion to strike the bill of exceptions is unnecessary, for the purpose hereof it will be considered a part of .the record. So assumed, the case for review is:
The district court after full hearing, all parties in interest voluntarily present, dismissed the above cause for lack of prosecution under rule 18 of that court. A motion for reinstatement was thereafter entertained and after full hearing, all parties in interest present, was denied. Rule 18 not being preserved in the bill of exceptions is not before us.— Illinois Cent. R. R. Co. v. Haskins, 115 Ill. 300; Harrigan v. Turner, 53 Ill. 292; Anderson v. McCormack, 129 Ill. 308; Encyclopedia Pleadings and Practice, vol. 3, 387.
The facts upon which the court acted in ordering the dismissal are not before us, not being preserved by bill of exceptions; so with the facts upon which it acted in denying the reinstatement.
A ruling upon the question whether written notice to plaintiff was required by the code of the court’s action in calling this case upon its own motion under the rule is not necessary, because if such notice was necessary it was waived by counsel for plaintiff voluntarily having the matter set when called, and appearing without objection on the day so set,- and going into the trial of the question whether the ca^e should be dismissed for lack of prosecution under the *101 rule. Taking such matter up without notice, if error, was but an irregularity which could be waived.—Greig v. Clement et al., 20 Colo. 167, 37 Pac. 960; Archibald et al. v. State of Tenn., 8 Heiskell, 871; Rich v. Starbuck, 45 Ind. 310.
The case is reduced to this: A judgment of a court of general jurisdiction, having jurisdiction of the subject-matter, of the parties and power to enter the judgment in question, is assailed for error; wherein the error consists we are not informed by the record. This judgment is presumed to have been regular in every respect unless the contrary appears in the record.—Andrews v. Carlile, 20 Colo. 372, 38 Pac. 465; Martin v. Force, 3 Colo. 199.
2. The contention that the dismissal of this case without a verdict is obnoxious to section 2326, Revised Statutes of the United States, has been denied by our supreme court in Kirk et al. v. Meldrum et al., 28 Colo. 453, 65 Pac. 633.
As the judgment below is presumed to have been regular in every respect, and as this presumption has not been overcome by the record it will be affirmed.

Affirmed.